IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RALPH L. TAYLOR, III.,           *
                                 *
        Plaintiff,               *
                                 *
vs.                              *   CIVIL ACTION 07-00768-KD-B
                                 *
MICHAEL J. ASTRUE,               *
Commissioner of                  *
Social Security,                 *
                                 *
        Defendant.               *

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Application For Attorney Fees Pursuant to The Equal Access To Justice Act (Doc. 22), and the Commissioner of Social Security's Response. (Doc. 24). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).

Plaintiff filed this action on October 29, 2007 challenging the denial of his application for disability benefits and supplemental security under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 et seq., and 1381 et. seq. (Doc. 1) On August 28, 2009, the undersigned issued a Report and Recommendation that this case be remanded to the Commissioner for further proceedings. (Doc. 18). The Report and Recommendation was adopted by the District Court, and this case was remanded to the Commissioner for further proceedings. (Docs. 20, 21).

On November 11, 2009, Plaintiff filed a Motion for Attorney's

fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,411.64 for 25.60 attorney hours spent representing Plaintiff before this Court. (Doc. 22). The Commissioner did not file any objection to Plaintiff's motion, but instead filed a response in which he advised that the parties have reached a compromise settlement of Plaintiff's request for attorney's fees. Pursuant to the parties' agreement, the Commissioner will pay Plaintiff's counsel $4000 for attorney's fees under the EAJA. Additionally, the settlement constitutes a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action, and said settlement shall not be used as precedent in any future case nor shall it be construed as an admission by the Commissioner that the original administrative decision denying benefits to Plaintiff was not substantially justified. Moreover, the settlement is without prejudice to Plaintiff's attorney's right to seek attorney's fees under Section 206(b) of the Social Security act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Based upon a review of Plaintiff's Motion and the Commissioner's Response, the undersigned is satisfied that the compromise settlement reached by the parties is reasonable. Accordingly, pursuant to the parties' compromise settlement, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's counsel be

awarded $4000 in attorney's fees under the EAJA[1].

The attached sheet contains important information regarding objections to the undersigned's report and recommendation.

**DONE** this **19th** day of **November, 2009.**

_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**

---

[1]In this circuit, the Eleventh Circuit Court of Appeals has held that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses. Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1509-11 (11th Cir. 1988). In that case, the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA. The recent decision of the Eleventh Circuit in Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute. The Reeves court found the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." Id. at 736. The Reeves court further held that EAJA fees may be offset by the government where the plaintiff owes debts subject to the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a). Id. at n.3; see also 31 C.F.R. § 285.5.

In neither Panola nor Reeves did the Eleventh Circuit address the issue of the payment of EAJA fees directly to counsel when the parties have entered a compromise settlement with respect to EAJA fees, and said settlement expressly provides that the EAJA fees will be paid directly to counsel.  Given that Plaintiff, his counsel and the Commissioner have agreed to settle the EAJA fee issue and have further agreed that the EAJA fee is to be paid directly to Plaintiff's counsel, the undersigned can discern no reason why the parties' agreement should not be honored under the circumstances of this case.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   <u>See</u> 28 U.S.C. § 636(b)(1)( c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

_____/s/ SONJA F. BIVINS_____
UNITED STATES MAGISTRATE JUDGE